# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAO LIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-1762 (TSC) |
| ) | |
| HOPKINS COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Hao Liu filed a complaint against the City of Sulphur Springs and

Hopkins County, both in Texas.[1]  The Complaint is barely comprehensible, but as best the court

can discern, Liu alleges that he lost a homestead tax exemption under Texas state law as a result

of malfeasance and/or nonfeasance by city and county authorities.  (Compl. ¶¶ 12–15, 18–19).

His suit alleges violations of the Racketeer Influenced and Corrupt Organizations Act.  After

delays in service, the Defendants appeared and moved to dismiss for lack of personal jurisdiction

and improper venue.  (City Mot., ECF No. 12; County Mot., ECF No. 16).  Alternatively, the

Defendants moved for a transfer of venue to the U.S. District Court for the Eastern District of

---

[1] The Complaint also names as defendants "Individual or Entities in the Association Engaged Activities Affecting an Interstate Commerce Property Located at 203 & 205 Bellview Street Sulphur Springs, Texas 75482."  Plaintiff did not identify or serve any such "individual or entities," even though the court's Order of May 7, 2015 informed the Plaintiff that Rule 4 "requires service upon *each* defendant within 120 days after filing the complaint" and ordered Plaintiff to serve the Defendants and file proof of service by June 1, 2015.  (Order at 1–2, ECF No. 6 (emphasis added)).  Failure to effect service on these Defendants, after receiving notice of the requirements for serving process, *cf. Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 778 (D.C. Cir. 2012), warrants dismissal of the case against those Defendants.  In addition, as discussed below, there are virtually no allegations that any "individual or entities" have any connection to the District of Columbia and no allegations that any "individual or entities" interacted in any way with the named Defendants regarding the purported criminal acts taken against Plaintiff's property.  Dismissal would therefore be appropriate on the grounds discussed below.

Texas, and consented to both jurisdiction and venue in that district.  (City Mot. at 4; County Mot. at 4–5).

## I.     PLAINTIFF'S "RESPONSIVE" FILINGS

The court advised Plaintiff of his obligation to respond to the motions to dismiss by July 7, 2015 (ECF No. 13 at 2 (as to the City's motion)) and by July 16, 2015 (ECF No. 17 at 2 (as to the County's motion)).  Each notice advised the Plaintiff that the court could treat as conceded any motion not opposed within the proper time frame.

Between July 6 and 7, 2015 the court received six separate filings (ECF Nos. 20–25) from the Plaintiff, all of which appear to reflect his (mistaken) belief that the Defendants improperly responded to his Complaint, but none of which address the questions presented by the Defendants' motions: whether the court has personal jurisdiction over the Defendants, whether venue is proper in this district, and, if not, whether this case ought to be dismissed outright or transferred to the Eastern District of Texas.  In August Plaintiff submitted two additional filings, (ECF Nos. 26–27) which again failed to address the Defendants' motions.[2] The court finds that Plaintiff has therefore conceded Defendants' motions.

Even if Plaintiff had responded to the Defendants' personal jurisdiction and venue arguments however, his arguments would have been unavailing.  Plaintiff bears the burden of establishing a basis for the exercise of personal jurisdiction, *Crane v. N.Y. Zoological Soc.*, 894

---

[2] Plaintiff's "Probable Conveyance of Support Preliminary Proceedings" (ECF No. 26) references the constitutional requirements for the exercise of personal jurisdiction over an out-of-state defendant and also references D.C.'s long-arm statute, which permits the exercise of out-of-state jurisdiction in certain circumstances.  Factually this document appears to contend that 1) vandalism of Plaintiff's mailbox (which is located in Texas), and 2) the fact that this case is already pending in the District of Columbia, suffice to meet that standard.  Even if the court considers this untimely addendum, which indirectly addresses some of the issues presented by Defendants' motion, as a response to those motions, Defendants still prevail.  Plaintiff's "Amendment Complaint" (ECF No. 27) does not allege any new conduct—it merely attempts to characterize the conduct already alleged as being criminal terrorism.  This filing also does not change the outcome of Defendants' motions.

F.2d 454, 456 (D.C. Cir. 1990) by alleging "specific facts connecting [the] defendant with the

forum." *Second Amend. Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir.

2001) (alteration in original) (internal quotation marks omitted). The court is not limited to the

allegations in the Complaint and need not accept them as true; rather the court may accept

affidavits and other relevant material in making a jurisdictional determination. *NBC-USA*

*Housing, Inc., Twenty-Six v. Donovan*, 741 F. Supp. 2d 55, 58 (D.D.C. 2010). Courts in this

district exercise jurisdiction under the following standard:

> In this Circuit, courts determine whether personal jurisdiction may be exercised
> by reference to District of Columbia law. A District of Columbia court may
> exercise personal jurisdiction over a person domiciled in, organized under the
> laws of, or maintaining his or its principal place of business in, the District of
> Columbia as to any claim for relief. D.C. Code § 13–422. Exercise of this so-
> called "general jurisdiction" requires that the defendant's contacts within the
> forum be "continuous and systematic" in order for the defendant to be forced to
> defend a suit arising out of any subject matter unrelated to the defendant's
> activities within the forum.

> Alternatively, the District Court for the District of Columbia may exercise
> "specific jurisdiction" to entertain controversies based on acts of a defendant that
> touch and concern the forum. To determine whether it may exercise specific
> jurisdiction over a particular defendant, a court must engage in a two-part inquiry.
> First, the Court must determine that the District of Columbia's long arm statute,
> D.C.Code § 13–423, authorizes jurisdiction. In relevant part, the D.C. long-arm
> statute provides that a District of Columbia court may exercise personal
> jurisdiction over a person as to a claim for relief arising from the person's:

> (1) transacting any business in the District of Columbia;

> (2) contracting to supply services in the District of Columbia;

> (3) causing tortious injury in the District of Columbia by an act or
> omission in the District of Columbia;

> (4) causing tortious injury in the District of Columbia by an act or
> omission outside the District of Columbia if he regularly does
> or solicits business, engages in any other persistent course of
> conduct, or derives substantial revenue from goods used or
> consumed, or services rendered, in the District of Columbia;

> (5) having an interest in, using, or possessing real property in the
> District of Columbia . . .

> D.C.Code § 13–423.  Importantly, where jurisdiction is based solely on the D.C.
> long-arm statute, only a claim for relief *arising from acts enumerated in this
> section* may be asserted against the defendants.

*Halim v. Donovan*, No. 12-cv-00384, 2013 WL 595891, at *4 (D.D.C. Feb. 15, 2013), (emphasis

in original) (internal citations and quotations omitted), *reconsideration denied* 951 F. Supp. 2d

201 (2013).

Plaintiff's Complaint does not contain a single allegation suggesting any actions by any

Defendant taken in or directed at the District of Columbia.  To the contrary, all of the

Defendants' alleged acts were directed at property located in Sulphur Springs, Texas and at the

Plaintiff, who resides in Sulphur Springs.  Plaintiff has therefore failed to meet his burden of

alleging a factual basis for asserting jurisdiction over either Defendant.  *Id.*  The fact that a

mailbox is used for interstate communications, as Plaintiff appears to note in his "Probable

Conveyance of Support Preliminary Proceedings," (ECF No. 26 at 2) does not change the fact

that no conduct within the scope of D.C.'s long-arm statute is alleged.  In the absence of specific

factual allegations and in light of undisputed evidence showing no connection between the

Defendants and the District of Columbia, Plaintiff has failed to meet his burden to establish that

the court has personal jurisdiction over the Defendants.

For similar reasons, if the court were to consider the merits of Defendants' venue

challenge rather than deem the motion conceded by the Plaintiff, Defendants would prevail.

Venue in a RICO action is proper in "any district in which [the defendant] resides, is found, has

an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  The uncontroverted evidence submitted

by the Defendants establishes that the District of Columbia is not such a district.  Accordingly,

venue is improper.

Having concluded that personal jurisdiction is lacking and venue is improper, the court must still determine which of the alternate forms of relief sought by the Defendants is proper for this case: dismissal or transfer to a district where personal jurisdiction and venue are proper.

## II.     TRANSFER IS NOT IN THE INTEREST OF JUSTICE

Transfer for lack of jurisdiction or improper venue is authorized by 28 U.S.C. § 1631 (jurisdiction) and 28 U.S.C. § 1406(a) (venue).  The court may transfer if it is in the "interest of justice" to do so, instead of dismissing the case.  *Id.*  This Circuit has an expressed preference for transfer over dismissal.  *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009); *McQueen v. Harvey*, 567 F. Supp. 2d 184, 188 (D.D.C. 2008).  In deciding whether to transfer a case, the court may consider whether transfer would prejudice the defendants' position on the merits, whether it would save the plaintiff the time and expense of refiling in a new district, and the plaintiff's *pro se* status.  *McQueen*, 567 F. Supp. 2d at 188.  The court may also conduct a "limited review of the merits of a case."  *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011).  If plaintiff's success on the merits appears unlikely, transfer is not in the interest of justice.  *Id.*; *see also Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998).

In this case, while it appears that transfer would not prejudice any of the parties, who are all located in the Eastern District of Texas, the court's limited review of the merits leads it to conclude that success appears highly unlikely, and dismissal is proper.  First, to the extent Plaintiff believes he is asserting claims on behalf of the United States, he may not do so as a non-lawyer proceeding *pro se*—a rule with which Mr. Liu is well-acquainted, having previously been admonished for violating it by the Fifth Circuit.  *See United States ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196 (D.D.C. 2005) (*pro se* plaintiffs may not bring claims on behalf of the United States); *Liu v. Plano Med. Cntr.*, 328 Fed. Appx. 904, 904–05 (5th

Cir. 2009) (admonishing and sanctioning Plaintiff for holding himself out as an attorney).

Second, and more to the point, Plaintiff has not pled a viable RICO claim.

A § 1962(c) claim has five elements: "(1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity." *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114,

1116 (D.C. Cir. 1991).  An "enterprise" can be alleged to be an "association-in-fact," composed

of "some number of the distinct individual defendants or defendant corporations." *Yellow Bus*

*Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 140–41 (D.C. Cir.

1989), *rev'd en banc on other grounds* 913 F. 2d 948 (D.C. Cir. 1990).  An association-in-fact

claim is adequately pled when plaintiff alleges that the defendants "conducted or participated in

the enterprise's affairs, not just their *own* affairs." *Feld Entertainment Inc. v. Am. Soc. for the*

*Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 314 (D.D.C. 2012) (emphasis in original)

(quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).  Such an

enterprise is shown by "evidence of an ongoing organization, formal or informal, and by

evidence that the various associates function as a continuing unit." *Boyle v. United States*, 556

U.S. 938, 944–45 (2009) (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981)).  Similarly,

to adequately plead a conspiracy claim under § 1962(d), a plaintiff "must allege facts from which

it can be inferred that there was an agreement involving each of the defendants to commit at least

two predicate acts." *Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 229 (E.D.N.Y. 2005) (citing

*Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)).

Liu's Complaint fails on both claims.  The Complaint contains only conclusory

allegations that the Defendants acted in concert.  There are no facts to suggest that any single

Defendant ever communicated in any way with any other Defendant about Plaintiff.  The

Complaint lacks any factual allegations suggesting that any Defendant was even aware of the

purported racketeering activity directed at Plaintiff until he reported the individual predicate crimes.  In other words, there is no indication of any sort of agreement and coordination necessary to state a claim for relief under §§ 1962(c) or (d).  *See, e.g.*, *Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 41–42 (D.D.C. 2007) (complaint dismissed for failing to distinguish between defendants and a distinct enterprise).[3]

## III.    CONCLUSION

The court lacks jurisdiction over the Defendants and Plaintiff filed this lawsuit in an improper venue.  Given that it appears the Complaint does not adequately allege any claims and Plaintiff's likelihood of success is very low, the court will exercise its discretion to dismiss, rather than transfer, this case.  Because the court is dismissing the case, it does not address Plaintiff's July and August 2015 motions, which are denied as moot.

A corresponding order will issue separately.

Dated: August 20, 2015

---

[3] The court's focus on the inadequacy of the pleadings as to this element should not be construed to suggest that the remaining elements are adequately alleged.